**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JASMINE CHAVDA,

    Plaintiff,

    v.

SWEDISH COVENANT HOSPITAL

    Defendant.

No. 11 CV 114
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

This is a Title VII discrimination suit. In January 2010 Plaintiff was fired from her job as a respiratory therapist at Defendant Swedish Covenant Hospital. Defendant's stated reason for terminating Plaintiff was that she had violated the hospital's patient confidentiality and "HIPPA" policies. Plaintiff claims that this was a pretext and she was in fact terminated as retaliation for complaints she made to her supervisors about sexually inappropriate conduct in the workplace and unequal pay with her male counterparts.

On June 14, 2012, I referred this case to the Magistrate Judge for a settlement conference. The Magistrate appointed counsel for purposes of assisting Plaintiff with the settlement conference only. The settlement conference was held on September 25, 2012. The parties were unable to reach a settlement.

The case was returned to this Court on October 3, 2012. Now before the court is Plaintiff's motion for appointment of counsel. I am denying this motion. The Court does not doubt that Plaintiff was subject to unpleasantries in the workplace. However, the potential merits of the Title VII claim as set forth in the Amended Complaint are not strong. Plaintiff has not alleged that any of her supervisors were involved in the alleged inappropriate sexual conduct

(none of which was actually directed at Ms. Chavda), and it appears that her supervisors took corrective action when Ms. Chavda complained about her coworkers' behavior. The connection between her termination and her complaints about sexual harassment is speculative, and is not even supported by a close temporal sequence. It appears the Ms. Chavda made most of her complaints about sexually offensive behavior before March 2009, and she was not terminated until December 2009. Absolutely no details are provided in the Amended Complaint to support the allegations concerning pay disparity.

     Also influencing my decision to deny the motion is the factual and legal simplicity of this case. From her deposition testimony it appears that Plaintiff understands this is a retaliation case which she will have to prove circumstantially. This means she will have to demonstrate three things to make the prima facie case: 1) that she engaged in statutorily protected activity; 2) that she suffered some adverse employment action; and 3) that there exists a causal link between the protected activity and the adverse action. *Sanchez v. Henderson*, 188 F.3d 740, 745-46 (7th Cir. 1999). If Plaintiff is able to make this showing, the burden will shift to Defendant to produce a valid, non-discriminatory reason for Plaintiff's termination (which will be that Plaintiff violated its patient confidentiality and HIPPA policies). Once this occurs, Plaintiff will have to rebut Defendant's proferred reason by proving that it is mere pretext for discrimination. *Id*. In other words, Plaintiff will have to demonstrate either 1) that she did not violate Defendant's patient confidentiality and HIPPA policies; or 2) she was treated differently from others who also violated these policies. It is clear from Plaintiff's deposition that she has a good idea of where to obtain such evidence. One avenue would be to try to obtain deposition testimony from co-workers to show that Plaintiff's alleged unauthorized access of records was a routine practice

2

among the other respiratory therapists of which her supervisors had long been aware and never complained.

Given that Plaintiff holds a Bachelor of Science degree in Microbiology/Chemistry, and based upon my observations of her in court, I am confident that Plaintiff is capable of handling this case through the pre-trial motions stage. If the case goes to trial, the Court will be open to a renewed request to appoint counsel.

For the foregoing reasons, Plaintiff's motion to appoint counsel is DENIED without prejudice.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: April 24, 2013